UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA      :

     - v. -      :     13 Cr. 304 (MGC)

AHMED ABASSI,      :

     Defendant.      :

- - - - - - - - - - - - - - - - - -x

**PROTECTIVE ORDER**
**PERTAINING TO CLASSIFIED INFORMATION**

This matter comes before the Court upon the Government's Motion for a Protective Order pursuant to Section 3 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 3, to protect against the disclosure in this case of any classified information disclosed by the Government to, or otherwise in the possession of, the Defense.

Pursuant to the authority granted under Sections 3 and 9 of CIPA, the Security Procedures Established Pursuant to Pub. L. No. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA § 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and to protect the national security, the following Protective Order is entered.

**General Provisions**

1.   The Court finds that this case will involve information that has been currently classified in the interest of national security of the United States pursuant to Executive Order 13526, as amended.  The storage, handling and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances, and a "need to know" determination pursuant to Executive Order 13526.

2.   The purpose of this Order is to establish procedures that must be followed by the Defense and the Government, and any other person who receives access to, or otherwise is in possession of, classified information as a result of their participation in this case.  These procedures will apply to all pretrial, trial, post-trial, and appellate matters concerning classified information, and may be modified from time to time by further order of the Court pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Sections 3 and 9 of CIPA, and the Court's inherent supervisory authority to ensure a fair and expeditious trial.

**Definitions**

3.   The following definitions shall apply to this Order:

a.   The term "Defense" shall mean any counsel for the Defendant, employees or contractors of counsel for the Defendant

-2-

(including, without limitation, investigators, paralegals, experts and translators), and any witnesses for the Defendant so authorized by the Court.

      b.  The term "classified information" shall include:

      (i) Any document or information contained therein, which has been classified by any Executive Branch agency in the interests of national security pursuant to Executive Order 13526, as amended, or its predecessor orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI");

      (ii) Any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States Government that was classified, and (B) has subsequently been classified by the United States pursuant to executive order as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as SCI;

      (iii) Any document or information that the Defense knows or reasonably should know contains classified information, including information acquired or conveyed orally;

      (iv) Any information, regardless of place of origin, to include "foreign government information" as that term is defined in Executive Order 13526, that could reasonably be believed to contain classified information or potentially convey

classified information, and that refers or relates to national security or intelligence matters; and

(v) Any document or information as to which the Defense has been notified orally or in writing contains classified information.

c. The terms "document" and "information" shall include, but are not limited to, all written, printed, visual or audible matter of any kind, formal or informal, including originals, conforming copies, and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise). The terms "document" and "information" shall also include without limitation, notes (handwritten, oral, or electronic); letters; correspondence; memoranda; reports; summaries; photographs; maps; charts; graphs; inter-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; teletypes; telecopies; telegrams; telexes; cables; facsimiles; invoices; worksheets and drafts; microfiche; microfilm; videotapes; sound recordings of any kind; motion pictures; electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes, disks, or thumb drives and all manner of electronic data processing storage; and

alterations, modifications, changes and amendments of any kind to the foregoing.

       d.   The term "access to classified information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

       e.   The term "Secure Area" shall mean a sensitive compartmented information facility ("SCIF") accredited by a Classified Information Security Officer for the storage, handling, and control of classified information.

### Classified Information, General Provisions

       4.   All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been "declassified" by the agency or department that originated the document or information contained therein ("originating agency").

       5.   Any classified information provided to the Defense by the Government is to be used solely by the Defense and solely for the purpose of preparing the defense.  The Defense may not disclose or cause to be disclosed in connection with this case any information known or reasonably believed to be classified information except as otherwise provided herein.

       6.   The Defense shall not disclose classified information to any person, except to the Court, Government personnel who hold appropriate security clearances and have been determined to

have a need to know that information, and those authorized
pursuant to this Order.

7.   Information that is classified that also appears in
the public domain is not thereby automatically declassified
unless it appears in the public domain as the result of an
official statement by a U.S. Government Executive Branch
official who is authorized to declassify the information.
Individuals who by virtue of this Order or any other court order
are granted access to classified information may not confirm or
deny classified information that appears in the public domain.
Prior to any attempt by the Defense to have such information
confirmed or denied at trial or in any public proceeding in this
case, the Defense must comply with the notification requirements
of Section 5 of CIPA and all provisions of this Order.

8.   In the event that classified information enters the
public domain, the Defense is precluded from making private or
public statements where the statements would reveal personal
knowledge from non-public sources regarding the classified
status of the information, or would disclose that the Defense
had personal access to classified information confirming,
contradicting, or otherwise relating to the information already
in the public domain.  The Defense is not precluded from citing
or repeating information in the public domain that counsel does

not know or have reason to believe to be classified information, or derived from classified information.

## Security Procedures

9.     In accordance with the provisions of CIPA and the security procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court designates Michael P. Macisso as the Classified Information Security Officer ("CISO") and Christine E. Gunning, Jennifer H. Campbell, Branden M. Forsgren, Daniel O. Hartenstine, Joan B. Kennedy, Maura L. Peterson, Carli V. Rodriguez-Feo, Harry J. Rucker, and W. Scooter Slade as alternate CISOs for this case, for the purpose of providing security arrangements necessary to protect against unauthorized disclosure any classified information that has been made available to the Defense in connection with this case.  The Defense shall seek guidance from the CISO with regard to appropriate storage, handling, transmittal, and use of classified information.

10.     The Court has been advised, through the CISO, that Assistant United States Attorneys John P. Cronan, Michael Ferrara, Benjamin Naftalis, and their supervisors, as well as certain other Department of Justice employees ("Counsel for the Government"), have the requisite security clearances allowing them to have access to the classified information that relates to this case.

11.  *Protection of Classified Information*.  The Court finds
that, in order to protect the classified documents and
information involved in this case, no person, including the
Defense, except for government attorneys, appropriately cleared
Department of Justice employees, personnel of the originating
agency, shall have access to the classified documents and
information in this case.  No defense counsel or defense counsel
employee, including any translator, shall have access to any
classified documents and information in this case unless that
person shall first have:

        a.   Received from the CISO the appropriate security
clearance for the level of the classified information involved
in this case;

        b.   A "need to know" the classified information at
issue in this proceeding; and

        c.   Signed the Memorandum of Understanding in the
form attached hereto agreeing to comply with the terms of this
Order.  The signed Memorandum of Understanding shall be filed
with the Court.  The substitution, departure, or removal for any
reason from this case, of counsel for the Defendant or any other
member of the Defense, shall not release that individual from
the provisions of this Order or the Memorandum of Understanding
executed in connection with this Order.

12.   Standard Form 86, "Questionnaire for National Security Positions," attached releases, and full fingerprints shall be completed and submitted to the CISO forthwith by all defense counsel not otherwise already cleared, all persons whose assistance the defense reasonably requires.  The CISO shall undertake all reasonable steps to process all security clearance applications in accordance with applicable regulations.

13.   Prior security clearance and a "need to know" as determined by any government entity as applying to one person does not automatically give that person the authority to disclose any classified information to any other individual, even if that individual also has a security clearance.  By way of example, but not limitation, defense counsel with appropriate clearances and a need to know, as determined by the Government, are not authorized to discuss or otherwise disclose such classified information with an uncleared defendant absent approval of the Court or written permission of the Government.

14.   *Secure Area for the Defense*.  The CISO shall arrange for an approved Secure Area for use by the Defense.  The CISO shall establish procedures to assure that the Secure Area is accessible during business hours to the Defense, and at other times upon reasonable request as approved by the CISO.  The Secure Area shall contain a separate working area for the Defense and will be outfitted with any secure office equipment

-9-

requested by the Defense that is reasonable and necessary to the preparation of the defense. The CISO, in consultation with counsel for the Defendant, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No classified documents may be removed from the Secure Area unless so authorized by the CISO. The CISO shall not reveal to the Government the content of any conversations he may hear among the Defense, nor reveal the nature of the documents being reviewed, or the work being generated. The presence of the CISO shall not operate to render inapplicable the attorney-client privilege.

15. *Filing of Papers by the Defense*. Any pleading or other document filed by the Defense that counsel for the Defendant knows or reasonably should know contains classified information as defined in paragraph 3(b), shall be filed as follows:

a. The document shall be filed under seal with the CISO or his designee and shall be marked, "Filed in Camera and Under Seal with the Classified Information Security Officer." The time of physical submission to the CISO shall be considered the date and time of filing and should occur no later than 4 pm. After making a submission to the CISO, the Defense shall file on the public record in the CM/ECF system a "Notice of Filing"

notifying the Court that the submission was made to the CISO or
a his designee and providing a title of the document which does
not disclose any potentially classified information.

b.   The CISO or his designee shall promptly examine
the pleading or document and, in consultation with
representatives of the appropriate departments or agencies,
determine whether the pleading or document contains classified
information.  If it is determined that the pleading or document
contains classified information, the CISO shall ensure that the
relevant portion of the document, and only that portion, is
marked with the appropriate classification marking and remains
under seal.  All portions of all papers filed by the Defense
that do not contain classified information shall be immediately
unsealed by the CISO and placed in the public record.  The CISO
shall immediately deliver under seal to the Court and Counsel
for the Government any pleading or document filed by the Defense
that contains classified information, unless the pleading or
document is an *ex parte* filing.

16.   *Filing of Papers by the Government.*  Only the portions
of pleadings or documents filed by the Government that contain
classified information shall be filed under seal with the Court
through the CISO.  Such pleadings and documents shall be marked,
"Filed In Camera and Under Seal with the Classified Information
Security Officer."  The time of physical submission to the CISO

-11-

(or his designee) shall be considered the date and time of filing and should occur no later than 4 pm.  The CISO shall immediately deliver under seal to the Court and counsel for the Defendant any pleading or document filed by the Government that contains classified information, unless the pleading or document is an *ex parte* filing.  After making a submission to the CISO, the Government shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that the submission was made to the CISO or his designee and providing a title of the document which does not disclose any potentially classified information.

17.  *Record and Maintenance of Classified Filings*.  The CISO shall maintain a separate sealed record for those materials which are classified.  The CISO shall be responsible for the maintaining of the secured records for purposes of later proceedings or appeal.

18.  *The Classified Information Procedures Act*.  Procedures for public disclosure of classified information in this case shall be those established by CIPA.  The Defense shall comply with the requirements of CIPA Section 5 prior to any disclosure of classified information during any proceeding in this case. As set forth in Section 5, the Defense shall not disclose any information known or believed to be classified in connection with any proceeding until notice has been given to Counsel for

-12-

the Government and until the Government has been afforded a
reasonable opportunity to seek a determination pursuant to the
procedures set forth in CIPA Section 6, and until the time for
the Government to appeal such determination under CIPA Section 7
has expired or any appeal under Section 7 by the Government is
decided.  Pretrial conferences involving classified information
shall be conducted *in camera* in the interest of national
security, be attended only by persons with access to classified
information and a need to know, and the transcripts of such
proceedings shall be maintained under seal.

    19.  *Access to Classified Information*.  In the interest of
the national security, representatives of the Defense granted
access to classified information shall have access to classified
information only as follows:

        a.  All classified information produced by the
Government to counsel for the Defendant in discovery or
otherwise, and all classified information possessed, created or
maintained by the Defense, including notes and any other work
product, shall be stored, maintained and used only in the Secure
Area established by the CISO.

        b.  The Defense shall have free access to the
classified information made available to them in the Secure Area
established by the CISO and shall be allowed to take notes and
prepare documents with respect to those materials.

c.   No representative of the Defense (including, but not limited to, counsel, investigators, paralegals, translators, experts and witnesses) shall copy or reproduce any classified information in any manner or form, except with the approval of the CISO or in accordance with the procedures established by the CISO for the operation of the Secure Area.

d.   All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in the Secure Area on word processing equipment provided by the CISO.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the Secure Area unless and until the CISO determines that those documents or associated materials are unclassified in their entirety.  None of these materials shall be disclosed to counsel for the Government or any other party.

e.   The Defense shall discuss classified information only within the Secure Area or in an area authorized by the CISO.

f.   The Defense shall not disclose, without prior approval of the Court, classified information to any person not named in this Order except the Court, Court personnel, and

-14-

Government personnel identified by the CISO as having the appropriate clearances and the need to know.  Counsel for the Government shall be given an opportunity to be heard in response to any Defense request for disclosure to a person not identified in this Order.  Any person approved by the Court for access to classified information under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to the Order, and to comply with all the terms and conditions of the Order. If preparation of the defense requires that classified information be disclosed to persons not identified in this Order, the CISO shall promptly seek to obtain security clearances for them at the request of counsel for the Defendant.

g.   The Defense shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the Internet, or in the presence of any person who has not been granted access to classified information by the Court.

h.   Any documents written by the Defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

i.   The Defense shall not disclose classified information to the Defendant absent leave of this Court or written permission of the Government.   Counsel for the Government shall be given an opportunity to be heard in response to any Defense request for disclosure to the Defendant of such classified information.

20.   Any unauthorized disclosure of classified information may constitute violations of United States criminal laws.   In addition, any violation of the terms of this Order shall be brought immediately to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution.   Any breach of this Order may also result in termination of an individual's access to classified information.   Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States.   The purpose of this Order is to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written

authorization from the originating agency and in conformance
with this Order.

21.  All classified documents and information to which the
Defense has access in this case are now and will remain the
property of the United States.  Upon demand of the CISO, these
persons shall return to the CISO all classified information in
their possession obtained through discovery from the Government
in this case, or for which they are responsible because of
access to classified information.  The notes, summaries and
other documents prepared by the Defense that do or may contain
classified information shall remain at all times in the custody
of the CISO for the duration of the case.  At the conclusion of
this case, all such notes, summaries, and other documents are to
be destroyed by the CISO in the presence of counsel for the
Defendant if they so desire.

22.  Nothing contained in this Order shall be construed as
a waiver of any right of the Defendant.  No admission made by
the Defendant or his counsel during pretrial conferences may be
used against the Defendant unless it is in writing and signed by
the Defendant.  *See* CIPA § 2.

23.  A copy of this Order shall be issued forthwith to
counsel for the Defendant who shall be responsible for advising
the Defendant and representatives of the Defense of this Order.
Counsel for the Defendant, and any other representatives of the

-17-

Defense who will be provided access to the classified

information, shall execute the Memorandum of Understanding

described in paragraph 8 of this Order, and counsel for the

Defendant shall file executed originals of such documents with

the Court and the CISO and serve an executed original upon the

Government.   The execution and filing of the Memorandum of

Understanding is a condition precedent for counsel for the

Defendant and any other representative of the Defense to have

access to classified information.

Dated:     New York, New York
           ~~January~~ *February* 18, 2014


                                        SO ORDERED:

                          S/            _____
                                        HON. MIRIAM GOLDMAN CEDARBAUM
                                        United States District Judge
                                        Southern District of New York

-18-